Michael Petrucci
vs.                    W.C.A. No. 575
Imperial Knife Co.

November 13, 1925

BAKER, J. Heard on petition under Compensation Act.

The question at issue here is whether or not the injury which the petitioner complains of was suffered by him in the course of his employment, and, if so, in what manner that injury was sustained.

There is no doubt but what in some manner the index finger of the petitioner's left hand became infected. Blood poisoning set in. It was necessary for him to leave his work and receive treatment in a hospital, with the result that while the blood-poisoning was checked, two of the joints of the finger have become stiffened.

The petitioner claims that his finger was injured while he was working for the respondent company on or about the 22nd day of April last, but that it did not develop to such extent that he had to stop work until about the 28th of April.

The respondent contends that the petitioner did not suffer any injury in the course of his employment on or about the 22nd of April, but that he did suffer a slight injury to his nose on April 28th, which injury was not sufficient to keep him from his work. It is admitted that the petitioner did slightly injure his nose while working for the respondent company on the latter date.

The evidence in regard to the injury to the finger is very confusing. The petitioner was polishing small knife blades on a polishing wheel. He claims that in some way, while doing this work, his finger became "pinched." He says it pained slightly and that it bled a trifle, but that it did not become swollen or troublesome for about six days. On the evening of the 28th, his mother put hot applications on the finger and, according to their testimony, removed a small bit of substance something like the end of a needle, which the petitioner said was a piece of steel. Thereafter it became necessary for him to consult a doctor and go to the hospital.

The petitioner's description of how the injury to his finger occurred is not very clear or very satisfactory. It is difficult to understand. One of the doctors, produced by him as a witness, testified that the petitioner told him he was sorting knives and that ne dug down into a box of knives and that a blade went into his finger and broke off. This is an entirely different version from the petitioner's story of the accident as told by him on the witness stand. Two witnesses for the respondent company testified that he said he was bitten by a snake in Bristol on a Sunday prior to the 28th of April. The petitioner himself claims that he said that the finger looked as though it was bitten by a snake. The testimony shows that at the time he was treated for the injury to his nose on the 28th of April, he did not say anything about any injury to his finger or ask for any treatment for his hand. The first physician he visited testified that he did not say anything about having a piece of steel in his finger but did say that his hand had been cut by a knife while he was working.

The Court realizes that the petitioner has not much education and perhaps is not capable of expressing himself clearly. At the same time a careful consideration of the evidence leaves the Court in such a state of mind that it has extreme doubt as to whether or not the injury to the petitioner's finger came about by an accident which occurred during the course of petitioner's employment. In this connection it should be noted that the petition and the notice given the respondent company both place the date of the accident in question as the 28th of April.

The Court finds that the petitioner has not sustained the burden of proof which is upon him to establish that the injury was received during the course of his employment.

The petition is denied.

For Petitioner: Bennie Cianciraulo.

For Respondent:. Ralph T. Barnefield.